

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

September 19, 2018

**VIA ECF**

Hon. Barbara C. Moses, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St. Courtroom 20A
New York, NY 10007

    Re:    <u>Michael Dalton v. Boredom Therapy LLC</u>
               Docket No. 18-Civ-4735 (KBF)(BCM)

Dear Judge Moses:

       We represent the Plaintiff Michael Dalton in the above-captioned action. Pursuant to this Court's Order Scheduling Case Management and Scheduling Conference, dated August 13, 2018, (Dkt. No. 14), please accept this correspondence as the Parties' Joint Pre-Conference Statement.

1. The date of the conference and appearances for the parties: The conference is to be held on September 26, 2018, at 10 AM. Richard Liebowitz, Liebowitz Law Firm, PLLC, 11 Sunrise Plaza, Suite 305, Valley Stream, New York 11580, 516-233-1660, will be appearing on behalf of the Plaintiff.  Barron Flood, Sullivan & Worcester LLP, 1633 Broadway, New York, New York 11019, 212-660-3047, will be appearing on behalf of the Defendant.

2. A concise statement of the nature of the case and the issues as they appear on the date of the Statement, including any issues as to jurisdiction or venue and any anticipated motions pursuant to Fed. R. Civ. P. 12(b) or (c):

   **Plaintiff's Perspective:** Plaintiff is a professional photojournalist whose livelihood depends on licensing his images to media outlets.  Utilizing his skill, resourcefulness and access, Plaintiff photographed the home of a hoarder's family.  He retained the rights to the photograph at all times relevant to this matter.  The Defendant published an article prominently featuring the photograph on its website.   The Defendant did not have a license, permission nor consent to publish the photograph.  Dalton does not believe that any affirmative defenses are available to the Defendant.

   Dalton asserts that BOREDOM's infringement was willful, intentional, purposeful, and in disregard or indifference to Dalton' rights in the photograph.



Liebowitz Law Firm, PLLC

    Accordingly, Dalton seeks actual damages against BOREDOM for the copyright infringement

    **Defendant's Perspective:** Boredom has set forth its defenses to Plaintiff's claims in its answer. Boredom does not contest that the article "Police Find Something Disturbing Inside A Hoarder's Home…But Did She Even Know It Was There?" was posted on its website. However, discovery is required to determine if the photograph that accompanied that article is the same photograph that was attached to the Complaint and to determine if Plaintiff has proper copyright rights in the photograph. In any event, the article with the photograph was only posted on Boredom's website for a brief period and -- after Boredom was informed about possible infringement -- was taken down. Therefore, it is Defendant's position that Plaintiff has no actual damages arising from the alleged infringement. Boredom further denies that any alleged infringement was willful, intentional, purposeful, or in disregard or indifference to Plaintiff's rights -- if any -- in the photograph. Hence, any statutory damages would be minimal, and Boredom has served an Offer of Judgment for an amount far in excess of any purported damages, which was not accepted.

3. A proposed deadline for joining additional parties, amending the pleadings, or moving for leave to do so: At this time, the Parties do not contemplate amending the pleadings or adding additional parties. The Parties propose November 23, 2018, as a deadline to amend the pleadings and add or substitute new parties.

4. Proposed Discovery Schedule:

    a. Exchange of automatic disclosures pursuant to Rule 26 on or before October 10, 2018.

    b. Initial document production requests and interrogatories to be served on or before October 17, 2018

    c. Depositions to be completed on or before January 18, 2019. The Parties anticipate the following fact depositions: (1) Plaintiff; (2) Defendant's corporate representative; and (3) Author of the subject article.

    d. Close of fact discovery on January 18, 2019.

    e. Expert reports or other expert disclosures to be served on or before February 1, 2019. Responding expert reports to be served on or before February 15, 2019. Expert depositions to be completed on or before March 29, 2019.

    f. Close of all discovery on March 29, 2019.

5. Proposed limitations on discovery: It may be necessary for the Parties to enter into a protective order for the exchange of certain confidential information.

6. Anticipated discovery issues: The Parties are not aware of any anticipated discovery issues that warrant early attention from the Court at this time.

Liebowitz Law Firm, PLLC

7. The Parties propose that a telephone status conference with the Court be held on April 12, 2019.

8. It is the parties' view that a settlement conference using the SDNY Mediation program within the next 60 days would be helpful in trying to get to a resolution.

9. Summary Judgment motions to be filed on April 19, 2019.

10. Joint pre-trial order to be submitted May 3, 2019.

11. The Parties anticipate a 1-2 day trial. Plaintiff has requested a trial by jury.

                         Respectfully,


                         Respectfully Submitted,

                         /s/ Richard P. Liebowitz
                         Richard P. Liebowitz
                         Rl@liebowitzlawfirm.com


                         *Attorneys for Plaintiff Michael Dalton*

cc: All counsel of record